CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2013

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| JEAN K. MITCHELL, | ) | Civil Action No. 1:13cv00003 |
| | ) | |
| Debtor-Appellant, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ROBERT JENKINS *et al.*, | ) | |
| | ) | By: Samuel G. Wilson |
| Appellees. | ) | United States District Judge |

    This is an appeal pursuant to 28 U.S.C. § 158 by the debtor, Jean K. Mitchell, in a Chapter 13 bankruptcy case, from the Bankruptcy Court's overruling of Mitchell's statute of limitations objection to a claim asserted by creditors, her brother-in-law and sister-in-law, Robert G. and Nicki M. Jenkins. After the Bankruptcy Court overruled the Jenkins' objections and Mitchell appealed, the Jenkins decided not to pursue their claim and moved to dismiss it. Despite that fact, Mitchell has filed a brief advancing an argument on the merits, claiming that her appeal is not moot, and arguing that she has standing. The Chapter 13 trustee has responded with a brief asserting Mitchell lacks standing because she "will pay the same amount in the case regardless of the outcome of the appeal," but siding with Mitchell on the question of mootness because, he argues, under Federal Rule of Bankruptcy Procedure 3006, a creditor may not withdraw a claim without court approval.[1]

---

[1] Federal Rule of Bankruptcy Procedure 3006 reads:
A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

Mitchell has the burden of demonstrating a justiciable issue for appeal. She must show that she has standing and that there is a live controversy, one that is not moot. If the Bankruptcy Court grants the Jenkins' pending motion to withdraw their claim, it is difficult to see how this seemingly attenuated appeal would have presented anything but a hypothetical question or obtained anything but an advisory opinion. Under the circumstances, for purposes of judicial economy, efficiency, and to prevent the unnecessary use of resources, the court will remand this case to the Bankruptcy Court to rule on the Jenkins' motion to withdraw their claim.

**ENTER**: April 30, 2013.

_____
UNITED STATES DISTRICT JUDGE